| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------x<br><br>TIMMY WILLIAMS,<br><br>                           Plaintiff,<br><br>    - against -<br><br>THE CITY OF NEW YORK, DETECTIVE<br>SNEIDER, OFFICER SCANDOLE,<br>LIEUTENANT ANTHONY CAROSELLI,<br>DETECTIVE MICHAEL EGAN, DETECTIVE<br>ANTHONY VIGGIANI, and DETECTIVE<br>MATTHEW COLLINS,<br><br>                           Defendants.<br>------------------------------------------------------------------x | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | NOT FOR PUBLICATION<br><br><br>ORDER REGARDING<br>MOTIONS *IN LIMINE*<br><br>10-CV-2676 (JG) (LB) |

       Plaintiff's motion to preclude cross-examination regarding his 1998 conviction for gang assault is granted, as the risk of unfair prejudice greatly outweighs the probative value. Plaintiff's application to preclude reference by defense counsel to plaintiff's religion is granted, but the application to preclude all references to the nickname "Shag Do" is denied. Objections to particular uses of the nickname by defense witnesses may be made at trial.

       As stated at today's appearance, defendants are precluded from eliciting evidence (including through questions of plaintiff) of plaintiff's prior arrests. This ruling is without prejudice to an argument at trial that plaintiff's testimony has opened the door to such evidence.

       Defendants' eleventh hour motions to dismiss the battery claim on statute-of-limitations grounds and on the ground that plaintiff failed to file a timely notice of claim may have merit, but the timing of the motion counsels in favor of resolving it after trial in the event plaintiff prevails; the same is true with respect to the motion to dismiss the state law claims for failure to comply with New York General Municipal Law § 50-h.

2

Defendants' motion to preclude two of plaintiff's witnesses from testifying is denied. I will rule on objections to admitting the DNA records into evidence if and when those records are offered.

The Court reserves decision on whether plaintiff should be precluded from presenting evidence concerning his acquittal and whether plaintiff may recover compensatory damages with respect to his claim that his arrest was unlawful due to the absence of a warrant.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 9, 2012
       Brooklyn, New York